# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4097

_____

MEGHAN HOTCHKISS,

    Appellant,

    v.

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC., a Florida
profit insurance corporation,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Thomas M. Beverly, Judge.

August 13, 2019

PER CURIAM.

In this appeal, Ms. Hotchkiss challenges the trial court's dismissal of her claims for breach of contract and violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). We find the trial court properly dismissed the claims and affirm.

In the first claim, Ms. Hotchkiss alleged that Blue Cross and Blue Shield of Florida, Inc. (BCBSF) breached a contract between the parties. Ms. Hotchkiss sought full payment for her medical procedure even though it was performed by an out-of-network provider. This breach of contract claim had already been brought before an administrative law judge (ALJ) who had denied that a

breach of contract occurred. Because this issue had already been adjudicated on the merits, the trial court properly dismissed the claim.

In the second claim, Ms. Hotchkiss alleged that BCBSF violated FDUTPA by the way it provided a statewide network of providers in accordance with the contract. One of the ways BCBSF sought to dismiss this claim was through collateral estoppel, also known as issue preclusion, and res judicata, also known as claim preclusion. Ms. Hotchkiss's FDUTPA claim could not have been dismissed under these doctrines because the issues that were presented to the ALJ were not identical to the issues before the trial court. *See Hetrick v. Ideal Image Dev. Corp.*, 372 F.App'x 985, 991-92 (11th Cir. 2010) (generally the issues are not the same when the legal standard governing the evaluation of facts are different). In the case before the ALJ, the ALJ was asked to decide if the in-network provider list was sufficient. In the case before the trial court, the trier of fact was asked to determine if BCBSF engaged in deceptive and unfair practices in the way it fulfilled its obligation to provide a comprehensive provider network. This Court has described an "unfair action under FDUTPA [as] an act that offends established public policy and one that is substantially injurious to consumer, unscrupulous, oppressive, unethical, or immoral" and deception as "a representation, omission, or practice that is likely to mislead consumers acting reasonably in the circumstances, to the consumers' detriment." *State v. Beach Blvd. Auto Inc.*, 139 So. 3d 380, 386-87 (Fla. 1st DCA 2014) (citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). Because a FDUTPA violation encompasses a broader range of actions, the issues before the trial court were different from the issues that had been adjudicated by the ALJ. And because the issues were not identical, the trial court erred when it dismissed Ms. Hotchkiss's FDUTPA claim under the doctrines of collateral estoppel and res judicata.

The trial court also dismissed Ms. Hotchkiss's FDUTPA claim based on its finding that FDUTPA did not apply to BCBSF. The trial court correctly concluded that the statutory language contained in FDUTPA precluded Ms. Hotchkiss's FDUTPA claim. Section 501.212(4)(a), Florida Statutes (2009), states that FDUTPA does not apply to any person or activity regulated by the

Office of Insurance Regulation (OIR). In determining whether FDUTPA applies, courts must look to the alleged activities in the lawsuit and determine if that activity is subject to regulation by OIR. *Beach Blvd. Auto., Inc.*, 139 So. 3d at 387-88 (citing *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr.*, 427 F.App'x 714, 723 (11th Cir. 2011)). Ms. Hotchkiss alleged that BCBS violated FDUTPA based on the provider network, failure to provide in-network coverage for her procedure, and claiming her procedure was not medically necessary. Since all the alleged activities are regulated by OIR, FDUTPA does not apply. *See* §§ 626.8805, 627.6471, Fla. Stat. (2009). As a result, the trial court properly dismissed Ms. Hotchkiss's FDUTPA claims.

AFFIRMED.

RAY, C.J., and ROBERTS and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Carl Scott Schuler and Brian J. Lee of Schuler & Lee, P.A., Jacksonville, for Appellant.

Timothy J. Conner and Jennifer Mansfield of Holland & Knight, Jacksonville, for Appellee.